# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| |
|---|
| UNITED STATES OF AMERICA, |
| v. |
| AURELIO CANO FLORES, |
| Defendant. |

Criminal Action No. 08-057-16 (BJR)

**FILED**

SEP 2 8 2012

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## MEMORANDUM ORDER

Defendant Jesus Enrique Rejon Aguilar and the United States jointly moved for joinder of Defendants Rejon Aguilar and Aurelio Cano Flores for trial and for a continuance of the trial currently scheduled for October 9, 2012 [Dkt. # 74]. The Government argued (1) that the law presumptively favors joinder of defendants indicted together in conspiracy cases and that such a result is appropriate here, (2) that Defendant Cano Flores has no valid basis for opposing the motion as he will not suffer undue prejudice as a result of joinder and continuance, and (3) that a continuance is necessary to allow counsel for Defendant Rejon Aguilar to fully prepare for trial. Defendant Cano Flores opposed the motion arguing that there is little connection between the two Defendants or the charges against them and that continuance is inefficient because it will disrupt the schedules of the Court, the parties, and their attorneys. The Court, having considered

the motion, the opposition thereto, and counsels' arguments during the hearing on September 27, 2012, finds joinder and continuance in this case both appropriate and desirable.

The Supreme Court has explained that joint trials are "vital" to the criminal justice system, promoting efficiency and fairness. *Richardson v. Marsh*, 481 U.S. 200, 209-10 (1987). Specifically, joint trials promote judicial efficiency and spare prosecutors the time and expense of trying multiple cases back-to-back. *Id.* at 210. Joint trials also avoid the inconvenience (and sometimes trauma) of requiring victims and witnesses to testify repeatedly and prevent a random advantage to the last-tried defendant who has had an opportunity to preview the government's case. *Id.* Finally, joint trials prevent the "scandal and inequity of inconsistent verdicts" and enable a more accurate assessment of relative culpability. *Id.*

Thus, noting the "strong interests favoring joint trials," *United States v. Celis*, 608 F.3d 818, 844 (D.C. Cir. 2010), the D.C. Circuit has explained "[t]he balance has been struck in favor of joint trials," *United States v. Moore*, 651 F.3d 30, 95 (D.C. Cir. 2011) (internal quotation marks omitted.). Ultimately, severance is only proper if "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence. *Zafiro v. United States*, 506 U.S. 534, 537 (1993).

Here, both Defendants have been indicted together and both charged under Count One of the Third Superseding Indictment as being members of the same conspiracy, during the same time period, with the same group of co-defendants, and the same criminal objectives.

The Court finds that Defendant Cano Flores has not shown any "serious risk that a joint trial would compromise a specific trial right, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 537. While, Defendant Cano Flores suggests there

is little overlapping evidence, both Defendants are charged in the same conspiracy and, as the Government contends, much of the evidence against both Defendants stems from a single wiretapping operation. In any case, Defendant Cano Flores has failed to show how he would be prejudiced by a joint trial. Even if Aguilar is the sole target of some evidence at trial, "absent a *dramatic* disparity of evidence, any prejudice caused by joinder is best dealt with by instructions to the jury to give individual consideration to each defendants." *Moore*, 651 F.3d at 95 (emphasis in original).

The Court also finds that a joint trial will promote the interests of efficiency and fairness. The Government has noted that several witnesses, including cooperating defendants and witnesses residing outside the district, would be required to testify twice if joinder is not permitted. Holding two multi-week trials, in which much of the same evidence is presented, is also not an efficient use of the Government's or the Court's time.

Finally, the Court finds that a continuance is appropriate here. The Court notes that counsel for Defendant Rejon Aguilar has only represented his client for two weeks and has not had sufficient time to discuss the case with his client, prepare for trial, or consider possible plea options. While rescheduling a multi-week trial two weeks before the trial is set to begin is not something the Court does lightly, circumstances in this case, and the interests of justice, require that the continuance be granted.

For the foregoing reasons, on this 28th day of September, 2012, it is hereby

**ORDERED** that Defendant Rejon Aguilar and the United States's Joint Emergency Motion to Join the Defendants for Trial and Continue the October 9, 2012 Trial [Dkt. # 74] is **GRANTED**, and it is further

**ORDERED** that trial will begin at 9:30 a.m. on February 11, 2013.

*[signature]*
BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE