UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
CASE NO.: 1:08-cr-00057-BJR-13

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

JESUS ENRIQUE REJON AGUILAR,

        Defendant.

_____/

## MOTION FOR DISCOVERY

COMES NOW, the Defendant, JESUS ENRIQUE REJON AGUILAR, by and through his undersigned counsel and respectfully demands discovery pursuant to Rule 16 of the Federal Rules of Criminal Procedures as follows:

1. That the government supply copies thereof, which are within the possession, custody or control of the government, the existence of which is known or by the exercise of due diligence may become known to the government of the following:

    (a) Written or recorded statements made by the defendant;

    (b) The substance of any oral statement made by the defendant before or after his arrest in response to interrogation by a then known-to-be government agent which the government intends to offer in evidence at trial;

    (c) Recorded grand jury testimony of the defendant relating to the

offenses charged;

(d) The defendant's arrest and conviction record;

(e) Books, papers, documents, photographs, tangible objects, buildings, or places, or copies or portions thereof, which are material to the preparation of the defendant's defense, or which the government intends to use as evidence at trial to prove its case-in-chief, or which were obtained from or belonging to the defendant; and

(f) Results or reports of physical or mental examinations, and of scientific tests or experiments, made in connection with this case.

(g) That the government reveal to the defendant and permit inspection and copying of all information and material known to the government which may be favorable to the Defendant on the issues of guilt or punishment within the scope of *Brady v. Maryland*, 373 U.S. 83 (1963), and *United States v. Agurs*, 427 U.S. 97 (1976).

(h) That the government disclose to the defendant the existence and substance of any payments, promises of immunity, leniency, preferential treatment, or other inducements made to the prospective government witnesses, within the scope of *Giglio v. United States*, 405 U.S. 150 (1972), and *Napue v. Illinois*, 360 U.S. 264 (1959).

(i) That the government supply the defendant with a record of prior convictions of any alleged informant who will testify for the government at trial.

(j) That the government state whether defendant was identified in any lineup, showup, phtospread, or similar identification proceeding,

and produce any pictures utilized or resulting therefrom.

(k) That the government advise its agents and officers involved in this case to presence all rough notes.

(l) That the government advise the defendant of its intention to introduce extrinsic act evidence pursuant to Federal Rule of Evidence 404(b). The government shall provide notice regardless of how it intends to use the extrinsic act evidence at trial, i.e. during its case-in-chief, for impeachment, or for possible rebuttal. Furthermore, the government shall apprise the defense of the general nature of the evidence of the extrinsic acts.

(m) That the government state whether the defendant was an aggrieved person, as defined in 18 U.S.C. § 2510(11), of any electronic surveillance, and if so, shall set forth in derail the circumstances thereof.

(n) That the government have transcribed the grand jury testimony of all witnesses who will testify for the government at the trial of this cause, preparatory to a timely motion for discovery.

(o) That the government, upon request, deliver to any chemist selected by the defense, who is presently registered with the Attorney General in compliance with 21 U.S.C. §§ 822 and 823, and 21C.F.R. §101.22(8), a sufficient representative sample of any alleged contraband which is the subject of this indictment, to allow independent chemical analysis of such sample.

(p) That government permit the defendant, his counsel and any experts selected by the defense to inspect any automobile, vessel, or aircraft allegedly utilized in the commission of any offenses

    charged. Government counsel shall, if necessary, assist defense counsel in arranging such inspection at a reasonable time and place, by advising the government authority having custody of the ting to be inspected that such inspection has been ordered by the court.

(q)  That the government provide the defense, for independent expert examination, copies, of all latent fingerprints or palm prints which has been identified by a government expert as those of the defendant.

(r)  That the government, upon request of the Defendant, disclose to the defendant a written summary of testimony the government reasonably expects to offer at trial under Federal Rules of Evidence 702, 703, or 705. This summary must describe the witnesses' opinions, the bases and the reasons therefore, and the witnesses' qualifications. If the defendant seeks and obtains discovery under this paragraph, or if the defendant has given notice under Federal Rule of Criminal Procedure 12.2(b) of an intent to present expert testimony on the defendant's mental condition, the defendant shall upon request by the government, disclose to the government a written summary of testimony the defendant reasonably expects to offer at trial under Federal Rules of Evidence 702, 703 705 or Federal Rules of Criminal Procedure 12.2(b), describing the witnesses' opinions, the bases and the reasons for these opinions, and the witnesses' qualifications.

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of December 2012, a copy of the foregoing was filed electronically using the CM/ECF Filing system.

Respectfully submitted,

**LAW OFFICES OF VICTOR E. ROCHA, P.A.**
990 Biscayne Blvd, Suite O-903
Miami, FL 33132
Tel: (305) 774-9111
Fax: (305) 514-0987
Email: vicrocha@comcast.net

BY: */s/ Victor E. Rocha, Esq.*
 **VICTOR E. ROCHA**
 DC Bar No. 993638