UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>AURELIO CANO FLORES,<br><br>Defendant. | Criminal Action No. 08- 057-16 (BJR)<br><br>MEMORANDUM ORDER |

**FILED**
**FEB 0 1 2013**
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

DENYING DEFENDANT'S MOTION TO SUPPRESS WIRETAP EVIDENCE

Defendant moves to suppress all of the evidence arising from "the unlawful electronic surveillance conducted by the government on twelve of the telephone lines associated with Defendant and others." Def.'s Mot. to Suppress Wiretap Evidence at 1. Defendant argues that the Government did not abide by its court-ordered obligation to minimize the interceptions, as required under 18 U.S.C. § 2518. In support of his argument, Defendant points to his own statistical analysis of the Government's minimization efforts, in which he concludes that in the case of five lines, the Government failed to minimize 100% of the non-pertinent calls that were two minutes or longer, and in the case of the seven other lines, the Government failed to minimize about 85.7% of the calls. Defendant provides a list of the calls made on these lines, detailing who the calls were from and to, the date of the call, and its duration. *See generally* Def.'s Mot., Ex. 1 & 2.

In response, Government argues that Defendant has failed to particularize why the Government's minimization efforts for any single intercepted telephone call, let alone a general pattern of calls, were unreasonable. Gov't's Opp'n at 1. Government contends that Defendant's

reliance on a raw statistical method has been expressly rejected by the D.C. Circuit and the Supreme Court as a suitable way to assess the reasonableness of minimization efforts.[1] *Id.* at 2.

Under 18 U.S.C. 2510 *et seq.*, the wiretap statute, a district court is authorized to approve an application for the interception of telephone communications. Under this statute, an order authorizing a wiretap must require that the interception be "conducted in such a way as to minimize the interception of communications not otherwise subject to interception . . . ." 18 U.S.C. § 2518(5). The wiretap statute "does not forbid the interception of all nonrelevant conversations," but the government must make reasonable efforts to minimize the interceptions of such conversations. *United States v. Suggs*, 531 F. Supp. 2d 13, 18 (D.D.C. 2008) (citing *Scott v. United States*, 436 U.S. 128, 139-40 (1978)); *see also United States v. Anderson*, 39 F.3d 331, 342 (D.C. Cir. 1994) (there is no "absolute prohibition on the interception of non-relevant conversations"). The wiretap statute provides that "no part of the contents of [intercepted] communication and no evidence derived therefrom may be received in evidence in any trial . . . if the disclosure of that information would be in violation of this chapter." 18 U.S.C. § 2515.

Importantly, in challenging the minimization efforts by the government, a defendant "must identify particular conversations so that the government can explain their non-minimization." *United States v. Carter*, 449 F.3d 1287, 1295 (D.C. Cir. 2006). It is not enough for a defendant to generally fault the government for failing to minimize communications unrelated to the purpose of the interception. *Id.* Therefore, a defendant is "precluded from relying solely on the existence of a raw percentage of non-pertinent intercepted calls as a means of demonstrating that some conversations were intercepted when they would not have been had reasonable attempts at minimization been made." *Id.* (explaining that "blind reliance on the

---

[1] Additionally, Government argues that even if the Court finds that the Government's minimization efforts were not reasonable, it would not be an appropriate sanction to suppress all of the calls (both pertinent and non-pertinent) for the twelve lines at issue. Gov't's Mot. at 10. The Court need not reach this issue.

percentage of nonpertinent calls intercepted is not a sure guide)" *United States v. Carter*, 449 F.3d 1287, 1295 (D.C. Cir. 2006) (quoting *Scott*, 436 U.S. at 140). Only after a defendant identifies the "specific conversations that should not have been intercepted" or "a pattern of such conversations," *Anderson*, 39 F.3d 331, 342 (D.C. Cir. 1994), will a court then determine whether the government's efforts to minimize were reasonable under the totality of circumstances, *Suggs*, 531 F. Supp. 2d at 20.

In support of his motion, Defendant relies on the percentage of non-pertinent calls intercepted on twelve telephone lines. As discussed above, Defendant cannot "rely[] solely on the existence of a raw percentage of non-pertinent intercepted calls as a means of demonstrating that some conversations were intercepted when they would not have been had reasonable attempts at minimization been made." *See Carter*, 449 F.3d at 1295. Yet Defendant urges the Court that he has identified "specific conversations" because he provides the Court with a list of the non-pertinent intercepted calls that were longer than two minutes and that the Government did not minimize. All that Defendant has done, however, is take the raw percentages of non-pertinent, non-minimized intercepted calls and present it to the Court in a different form, *i.e.* a list of the non-pertinent, non-minimized intercepted calls. This is precisely what the D.C. Circuit in *Carter* prohibited when it explained that the defendant in that case could not generally fault the government for failing to minimize communications unrelated to the purpose of the interception. *Id.* Defendant here failed to take the necessary next step of providing the context of the conversations, context which presumably would support his argument that the Government acted unreasonably in failing to minimize a given specific conversation. For instance, Defendant could have identified a pattern of conversations that took place between two individuals of a romantic nature that were not pertinent but were repeatedly not minimized. As in *Carter*, Defendant failed to identify "specific conversations" or "a pattern of such

3

conversations," and, therefore, the "issue of reasonable minimization [is] simply not in play." *Id.* at 1295.

Moreover, even if Defendant had properly identified the conversations, the Court would still find that the Government's efforts to minimize were reasonable under the totality of circumstances. Defendant is alleged to have been a member of a major Mexican-based drug trafficking organization, and to have conspired to import cocaine and marijuana into the United States. According to the Government, the Drug Enforcement Administration conducted an investigation of this major drug trafficking organization from 2006 until 2009, which included a two-year wiretap investigation targeting the organization's higher level command and control structure. Gov't's Opp'n at 3. During oral argument, the Government indicated that this investigation was of an alleged widespread conspiracy where co-conspirators often spoke in coded language, and argued that these factors justified the reasonableness of their minimization. Indeed, the D.C. Circuit and the Supreme Court have explained that where an "investigation of a target is part of a larger investigation of 'a widespread conspiracy'" and where "the target and his co-conspirators communicate in code language," the Government is justified in conducting a "more extensive surveillance" and having a higher interception rate of non-pertinent calls. *Carter*, 449 F.3d at 1298 (quoting *Scott*, 436 U.S. at 140). Accordingly, the Court is persuaded that the Government's minimization efforts in an investigation of this magnitude and nature are reasonable.

**SO ORDERED**.

February 1, 2013

BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE